UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CARANA SARLY and MA SI ROH, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICAN FAMILY CONNECT PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Defendant. | CASE NO. C23-48 MJP <br><br> ORDER DENYING JOINT MOTION TO CONTINUE DISCOVERY-RELATED DEADLINES |

This matter comes before the Court on the Parties' Joint Motion to Continue Discovery-Related Deadlines. (Dkt. No. 19.) Having reviewed the Motion and all supporting materials, the Court DENIES the Motion without prejudice.

The Parties ask the Court to extend the expert disclosure deadline from March 18, 2024 to May 31, 2024, the discovery motion deadline from April 17, 2024 to May 31, 2024, and the discovery deadline from May 17, 2024 to July 1, 2024. (Mot. at 3 (incorrectly identifying April 17, 2024 as the deadline for expert disclosures); see Order Granting Joint Motion to Continue

1  Trial and Related Dates at 2 (Dkt. No. 14) (setting March 18, 2024 as the expert disclosure

2  deadline).) The Parties state that they have made their "[p]rimary expert disclosures," but more

3  document production is expected. (Mot. at 2.) They also state that they will mediate on April 16,

4  2024, and wish to avoid any costs and time engaging in further discovery before mediation. (Id.)

5  They suggest they will set "the depositions" after mediation if it is unsuccessful, though they do

6  not identify who is to be deposed and how may depositions need to be completed. (Id.) The

7  Parties also state that Plaintiffs' religious fasting ritual has limited their availability to participate

8  in discovery and that one of Defendant's two attorneys has surgery set for April 5 with a 5-7 day

9  recovery that "will severely impede conducting expert depositions." (Id.)

10      The Court finds an absence of good cause on the record presented. First, the Parties have

11  failed to explain in any detail how many further depositions need to occur and who the witnesses

12  are. Nor have the Parties explained why they cannot complete these depositions by May 17,

13  2024, the current discovery deadline, even if they mediate in mid-April. Second, the Parties have

14  not explained when or how Plaintiffs' religious fasting ritual will interfere with any specific

15  depositions or discovery. And given the lack of detail about the depositions that need to be

16  completed, the Court cannot determine whether counsel's surgery and recovery poses an actual

17  impediment to completing discovery within the existing deadlines. Third, given that the Court

18  does not require the Parties to mediate, the Court does not find that mediation is grounds here for

19  an extension of any deadlines. The Parties are free to mediate, but not at the expense of the

20  existing case schedule. Fourth, given the Parties' representation that "[p]rimary expert

21  disclosures have taken place," the Court finds no reason why the expert disclosure deadline—

22  which expired ten days before the Parties filed their Motion—should be extended. Fifth, the

23  Parties fail to explain why they need an extension of the discovery motion deadline. In sum,

24

there are inadequate grounds articulated that might justify the extension of any of the three deadlines the Motion identifies. The Court therefore DENIES the Motion. See Fed. R. Civ. P. 16(b)(4). The Court's denial is without prejudice to a renewed motion that addresses the Court's concerns and sets forth good cause for any requested deadline extensions.

The clerk is ordered to provide copies of this order to all counsel.

Dated April 2, 2024.

Marsha J. Pechman
United States Senior District Judge